STATE OF NEBRASKA, APPELLEE, v. JERRY L. PARKER, APPELLANT.

379 N.W.2d 259

Filed January 3, 1986.   No. 85-379.

Dennis R. Keefe, Lancaster County Public Defender, and Michael D. Gooch, for appellant.

Robert M. Spire, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

KRIVOSHA, C.J.

This appeal presents to the court a case of first impression and concerns the question as to whether an individual charged with violating Neb. Rev. Stat. § 39-669.07 (Reissue 1984) (operating a motor vehicle while under the influence) is entitled to have the jury instructed that before the defendant may be found guilty on one of two possible theories, the jury must unanimously agree on at least one of the theories set out in the statute. The trial court refused to give such an instruction, and, on appeal, the district court for Lancaster County, Nebraska, approved the trial court's refusal. We believe that both courts were correct, and we therefore affirm the conviction and sentence.

The appellant, Jerry L. Parker, was arraigned in the municipal court of the city of Lincoln, Nebraska, for driving

while intoxicated in violation of § 39-669.07. Following Parker's demand for a jury trial, trial was had and a six-person jury returned a general verdict of guilty. Parker was sentenced to 7 days in jail, assessed a $200 fine, and his driver's license was suspended for a period of 6 months.

The complaint charged, in the language of the statute, that on August 26, 1984, Parker operated or was in actual physical control of a motor vehicle while under the influence of alcoholic liquor or of any drug or while he had .10 percent or more by weight of alcohol in his body fluid. Following the presentation of evidence to the jury, Parker requested the municipal court to instruct the jury as follows:

> To find the defendant guilty you must reach a unanimous verdict. In this case, the state asserts two theories of guilt. You may not find the defendant guilty under either theory unless you unanimously agree that the state has proven all of the material elements related to that theory. If you have a reasonable doubt about either theory, as to that theory you must find the defendant not guilty.

The municipal court refused to give the tendered instruction.

Parker has assigned but a single error, to wit, that "[t]he trial court erred in failing to instruct the jury on the defendant's right to a unanimous verdict." By that assignment we take it to mean that the trial court erred in failing to give to the jury defendant's proposed instruction. No issue is raised about the sufficiency of the evidence, and for that reason we need not discuss it. Suffice it to say that there was more than sufficient evidence under either theory, if believed by the jury, to sustain the conviction.

Parker's claim of error is based upon his argument that before one may be convicted of violating a state statute, the jury must reach a unanimous verdict. With that we have no quarrel. See, *Burch v. Louisiana*, 441 U.S. 130, 99 S. Ct. 1623, 60 L. Ed. 2d 96 (1979); *United States v. Smedes*, 760 F.2d 109 (6th Cir. 1985). The difficulty with Parker's argument is that it fails to make a distinction between the offense and the various theories upon which proof of the offense may be established. In *State v. Weidner*, 192 Neb. 161, 219 N.W.2d 742 (1974), we analyzed in detail whether violation of what is now § 39-669.07 was but a

single offense or whether, in fact, there were three separate offenses, to wit, (1) operating a motor vehicle while under the influence of alcohol, (2) operating a motor vehicle while under the influence of drugs, or (3) operating a motor vehicle with more than .10 percent of alcohol in the blood. We concluded, after careful analysis, that what is now § 39-669.07 and what was formerly Neb. Rev. Stat. § 39-727 (Cum. Supp. 1972) define but one offense. We then concluded that this single unlawful act can be the result of three different conditions. We concluded by saying in *Weidner, supra* at 168, 219 N.W.2d at 746: "It matters not that the facts evidencing each of the three conditions may well be different. Thus, we conclude that any conviction under section [39-669.07] is a conviction for the same offense." We have consistently followed that reasoning in each and every case raising that same issue in this court. See, *State v. Wenzel*, 215 Neb. 395, 338 N.W.2d 772 (1983); *State v. Hilker*, 210 Neb. 810, 317 N.W.2d 82 (1982); *State v. Jablonski*, 199 Neb. 341, 258 N.W.2d 918 (1977), *overruled on other grounds, State v. Gerber*, 206 Neb. 75, 291 N.W.2d 403 (1980).

Other states with nearly identical statutes have reached the same conclusion. In *State v. Bratthauer*, 354 N.W.2d 774, 776 (Iowa 1984), the Iowa Supreme Court, presented with the identical question involving a nearly identical statute, said: "Like premeditated murder and felony murder, each theory will independently support a conviction, but the theories will not together support more than one conviction. Accordingly, we find that the statute defines a single offense committable in alternative ways rather than multiple offenses." See, also, *State v. Franco*, 96 Wash. 2d 816, 639 P.2d 1320 (1982).

Where, as here, a single offense may be committed in a number of different ways and there is evidence to support each of the ways, the jury need only be unanimous in its conclusion that the defendant violated the law by committing the act and need not be unanimous in its conclusion as to which of several consistent theories it believes resulted in the violation.

Appellant has cited us the case of *People v. Parker*, 159 Cal. App. 3d 903, 205 Cal. Rptr. 767 (1984) (apparently no relation), in support of his position. A reading of the California decision of *People v. Parker*, however, only points out the reason why

appellant's claim of error is without merit. In the case of *People v. Parker*, the defendant was charged with several crimes, including grand theft. Following trial, a jury convicted the defendant of grand theft. As in the present case, the California Parker also argued that the trial court was required to give the jury an instruction similar to the type requested by Parker in the instant case. In rejecting that argument the California Court of Appeal said at 205 Cal. Rptr. at 773:

> The evidence in a theft prosecution often supports conviction under more than one form of theft. . . . In such cases, the jury is not required to agree on the particular form of theft that was committed. [Citations omitted.] Once the jury agrees the defendant has committed grand theft, disagreements over the precise point when the defendant developed a fraudulent intent are unimportant. When presented with a similar situation, the court in *People v. Broes* (1956) 138 Cal.App.2d 843, 292 P.2d 556, held that "[a]bsent a finding by the jury that appellant acted in good faith and with honest intentions, all the inferences as to his motives would support only a conclusion of guilt of grand theft and it was of no consequence that some of the jurors might believe that appellant intended to cheat the complainants in the beginning and others might believe that he decided to steal the money after he got his hands on it. The verdict, of course, is a rejection of the claim that appellant's conduct was free from fraudulent intentions."

Similarly, in the instant case it does not matter whether some of the jurors believed that Parker was operating a motor vehicle while impaired by alcohol and some believed that Parker operated a motor vehicle when he had .10 percent or more by weight of alcohol in his body fluid. What the jury had to unanimously determine was that he was operating a motor vehicle while under the influence of alcohol. Where a single crime may be committed under a number of different theories, the defendant is not entitled to an instruction that in order for the defendant to be found guilty, the jury must be unanimous with regard to any one theory or the jury must find the defendant not guilty. The judgment of the district court

affirming the action of the municipal court of the city of Lincoln is in all respects affirmed.

AFFIRMED.