STATE OF NEBRASKA, APPELLEE, V. HERMAN D. BUCKMAN,
APPELLANT.

468 N.W.2d 589

Filed April 25, 1991.   No. 89-312.

Alan G. Stoler and Miles W. Johnston, Jr., for appellant.

Robert M. Spire, Attorney General, and Susan M. Ugai for appellee.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

GRANT, J.

On January 13, 1989, an amended information was filed in the Lancaster County District Court charging defendant, Herman D. Buckman, in count I, with the first degree murder of Denise Stawkowski, in violation of Neb. Rev. Stat. § 28-303(1) (Reissue 1989), and in count II, with use of a weapon to commit that felony, in violation of Neb. Rev. Stat. § 28-1205(1) (Reissue 1989). In count II it was also alleged that defendant was a habitual criminal, as defined in Neb. Rev. Stat. § 29-2221 (Reissue 1989).

After trial, the jury returned guilty verdicts on both counts, and the court entered judgment on the verdicts. After a later hearing, the court determined that defendant was a habitual criminal. After a sentencing hearing, defendant was sentenced to life imprisonment on count I, with credit for 377 days in jail previously served, and to 20 to 60 years' imprisonment on count

II, as enhanced under the habitual criminal statute. The terms were to be served consecutively. Defendant timely appealed.

Defendant asserts that the district court erred in (1) finding that the evidence was sufficient to sustain the verdicts, (2) failing to instruct the jury that a guilty verdict for first degree murder must be either unanimous as to premeditated murder or unanimous as to felony murder, (3) allowing the testimony of Karen Niemann and overruling a motion in limine to exclude this testimony, (4) allowing admission of evidence relating to defendant's illegal controlled substances involvement and possession of stolen property, and (5) allowing the State to proceed without electing between premeditated murder and felony murder as a basis for the charge of first degree murder. We affirm.

The record shows the following: The victim, Denise Stawkowski, was a 25-year-old wife and mother of four children at the time of her death on February 19, 1988. She was a drug dealer and a drug user. The victim's husband, Jeffrey Stawkowski, testified that his wife began to sell drugs in September 1987 and that she handled all of the money, drugs, and documentation of weekly drug transactions. The victim kept a record of her drug transactions in a blue trifold ledger, along with the drugs, money, and razor blades for dividing the drugs. Approximately once a week, she drove to a location near Mound City, Missouri, and purchased her inventory of an ounce of methamphetamine and an ounce of cocaine for the week. She then returned to Lincoln, Nebraska, where she divided the drugs into smaller quantities for sale.

The victim sold drugs to several people in Lincoln, including Richard and Cheryl Fisher and defendant and Goldie Fisher. Jeffrey Stawkowski testified that his wife began selling small quantities of methamphetamine to defendant and his girl friend, Goldie Fisher, in December 1987. In January 1988, defendant and Goldie Fisher began to purchase cocaine from the victim. Defendant and Goldie Fisher paid for the drugs with cash or offered merchandise for them, including camcorders, clothes, jackets, and shoes. The victim preferred cash because of the difficulty of converting the merchandise, but she did sometimes accept merchandise for drugs.

Defendant's first assignment of error is that the evidence was insufficient to sustain his convictions. In a criminal case, a guilty verdict will not be disturbed if the evidence, viewed most favorably to the State, is sufficient to support the verdict. *State v. Johnson*, 236 Neb. 831, 464 N.W.2d 167 (1991); *State v. Ayres*, 236 Neb. 824, 464 N.W.2d 316 (1991). It is not the province of the Supreme Court to resolve conflicts in the evidence, pass on credibility of witnesses, determine the plausibility of explanations, or weigh the evidence when determining the sufficiency of the evidence. These tasks are for the trier of fact. *Johnson, supra*. Circumstantial evidence may be the basis for a criminal conviction as long as that evidence, taken as a whole, establishes guilt beyond a reasonable doubt. *State v. Fellman*, 236 Neb. 850, 464 N.W.2d 181 (1991); *State v. Zitterkopf*, 236 Neb. 743, 463 N.W.2d 616 (1990).

The facts in this case, when viewed in the light most favorable to the State, are sufficient for a jury to convict defendant of murder in the first degree and use of a firearm to commit a felony. Section 28-303(1) provides: "A person commits murder in the first degree if he kills another person (1) purposely and with deliberate and premeditated malice, or (2) in the perpetration of or attempt to perpetrate any sexual assault in the first degree, arson, robbery, kidnapping . . . ." Based on the facts, the jury could have concluded that defendant killed the victim either purposely and with deliberate and premeditated malice or in the perpetration of a robbery. Both defendant's premeditation sufficient to establish premeditated first degree murder and an intent to commit the crime of robbery, resulting in murder, could be inferred from defendant's conduct, his statements in reference to his conduct, and the circumstances surrounding the incident. The existence of the requisite state of mind is a question of fact and may be established through circumstantial evidence. *Ayres, supra*. The record shows that the defendant and his girl friend, Goldie Fisher, bought drugs on a regular basis from the victim, Denise Stawkowski, and that shortly before the murder, defendant was dissatisfied with either the quantity or quality of the drugs he was buying from the victim. Defendant, on at least one occasion, threatened to steal any drugs the victim might have

had. Approximately a week before the murder, defendant was trading merchandise for drugs, and a few days before the murder he was looking for more drugs and a gun. The morning before the day of the murder, which occurred in the early morning hours of February 19, 1988, defendant and Goldie Fisher traded a VCR for the balance due on an "eight-ball" of drugs received earlier in the week from the victim. Later that day, they were trying to sell leather jackets and baby clothes to try to get money to pay Goldie Fisher's babysitter.

A few hours before the murder, they also tried to sell or trade a ".38 Special" gun to Jeffrey Stawkowski for drugs. The same caliber gun was used to kill the victim. It was established that the victim had her purse, which contained roughly $2,000 and three eight-balls of cocaine, when she was with Goldie Fisher at approximately 1 a.m. on February 19, 1988. None of these items were found with the victim's body when it was found at approximately 3:20 the same morning. On February 19, after the murder, defendant and Goldie Fisher spent large amounts of cash in Lincoln, but when they were arrested, the baby clothes and leather coats were still in defendant's car, and after his spending spree, defendant still had $656 in cash in his possession.

Karen Niemann testified that she picked up Goldie Fisher, who was alone on the road near the location of the murder, at approximately 1:30 a.m., within the timeframe for the victim's death as set by a pathologist. Other evidence placed Goldie Fisher with defendant immediately before and after the murder, and a jury could infer that she was with defendant at the time of the murder.

Bloodstains on defendant's clothing and on the steering wheel cover and floormats in his car, as well as a Kool cigarette butt found in the victim's car and a package of Kool cigarettes and brown slippers found near the murder scene, all allow a jury to place defendant at the scene. A cellmate, imprisoned with defendant in jail, testified that defendant bragged that he had killed the victim in the presence of Goldie Fisher and that he had used the money that he stole from her to pay debts.

A myriad of detailed evidence supported defendant's convictions. Defendant's first assignment of error is without

merit.

Defendant next contends that the district court erred in not instructing the jurors that it was necessary that they be unanimous in their verdict regarding the theory of first degree murder, either premeditated murder or felony murder, on which they based their verdict. He contends that by not requiring unanimity as to one theory or the other, the court allowed the jurors to find the defendant guilty and yet not be unanimous as to how they reached their conclusion. Defendant suggests that if half the jurors believed he committed premeditated murder and the other half believed he committed felony murder, the verdict of guilty could not be unanimous.

This argument, in the first degree murder context, presents a question of first impression in this court. We believe, based on our rule as set forth in *State v. Parker*, 221 Neb. 570, 379 N.W.2d 259 (1986), and the rule in a majority of jurisdictions, that the jury need only be unanimous as to its verdict that defendant committed first degree murder, and not as to the theory which brought it to that verdict.

The jurors were instructed by the court in this connection, as follows:

Count I: MURDER IN THE FIRST DEGREE

Under Count I of the information in this case, depending on the evidence, you may find the defendant:

a. Guilty of Murder in the First Degree; or

b. Guilty of Murder in the Second Degree; or

c. Guilty of Manslaughter; or

d. Not guilty.

The material elements which the state must prove by evidence beyond a reasonable doubt in order to convict the defendant of Murder in the First Degree as charged in Count I are:

1. That the defendant, Herman D. Buckman, killed Denise L. Stawkowski.

2. That the defendant did so purposely and with deliberate and premeditated malice, or that the defendant did so while in the perpetration of a robbery or attempt to perpetrate a robbery of Denise L. Stawkowski.

. . . .

The state has the burden of proving beyond a reasonable doubt each and every one of the foregoing material elements necessary for conviction.

If you find from the evidence beyond a reasonable doubt that each of the foregoing material elements is true, it is your duty to find the defendant guilty of Murder in the First Degree under Count I. On the other hand, if you find the state has failed to prove beyond a reasonable doubt any one or more of the foregoing material elements, it is your duty to find the defendant not guilty of Murder in the First Degree under Count I.

This instruction correctly states the law, is not misleading, and adequately states the issues of the case.

Defendant contends that the jury should have been instructed that the jury had to be unanimous in its guilty verdict as to one theory of the charged crime and not simply unanimous as to the fact that defendant had committed first degree murder. This contention is without merit. *State v. Parker, supra*, involved a violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1984), driving while under the influence. We noted that the statute defines but a single offense which may be committed in a variety of ways, and concluded:

Where . . . a single offense may be committed in a number of different ways and there is evidence to support each of the ways, the jury need only be unanimous in its conclusion that the defendant violated the law by committing the act and need not be unanimous in its conclusion as to which of several consistent theories it believes resulted in the violation.

221 Neb. at 572, 379 N.W.2d at 261.

Other jurisdictions have held this to be the rule in first degree murder cases. See, *People v. Sullivan*, 173 N.Y. 122, 65 N.E. 989 (1903) (jury need not unanimously agree upon a single statutory theory of crime charged if evidence sufficient to support either theory); *State v. Wilson*, 220 Kan. 341, 552 P.2d 931 (1976) (where verdict can be justified on either of two interpretations of the evidence, premeditation or felony murder, verdict cannot be impeached by showing part of jury proceeded on one interpretation and part on another); *State v.*

*Williams*, 285 N.W.2d 248 (Iowa 1979), *cert. denied* 446 U.S. 921, 100 S. Ct. 1859, 64 L. Ed. 2d 277 (1980) (no reversible error in instruction allowing jury to find defendant guilty of first degree murder without unanimity as to premeditation or felony murder); *State v. Encinas*, 132 Ariz. 493, 647 P.2d 624 (1982) (defendant entitled to unanimous verdict on crime charged, not precise manner in which act committed). See, also, *People v. Milan*, 9 Cal. 3d 185, 507 P.2d 956, 107 Cal. Rptr. 68 (1973); *People v Fullwood*, 51 Mich. App. 476, 315 N.W.2d 594 (1974); *Newsted v. State*, 720 P.2d 734 (Okla. Crim. App. 1986); *Gavin v. State*, 425 N.W.2d 673 (Iowa App. 1988).

Under our statute, one may commit first degree murder either by committing premeditated murder or by killing another while in the commission of a felony. Under the felony murder doctrine, the State is relieved of the burden of proving premeditation and malice when the victim's death is caused by a defendant in the course of defendant's commission of another felony. See *State v. Bradley*, 210 Neb. 882, 317 N.W.2d 99 (1982). We noted in *Parker* that it did not matter whether some of the jurors believed one theory and some believed another, as long as they all determined that the defendant was operating a motor vehicle while under the influence of alcohol. Thus, the defendant in *Parker* was "not entitled to an instruction that in order for the defendant to be found guilty, the jury must be unanimous with regard to any one theory or the jury must find the defendant not guilty." *State v. Parker, supra* at 573, 379 N.W.2d at 261. Likewise, when a defendant is charged in an information with the crime of first degree murder, under our statute the charge may be based on either premeditated murder or felony murder, and it matters not if some jurors arrive at a guilty verdict based on proof of premeditation and some arrive at the same conclusion based on the commission of a felony by defendant. The charge arose out of one set of facts, and the verdict in this case is supported by evidence justifying either conclusion. Each juror need only be convinced beyond a reasonable doubt that defendant committed the crime of first degree murder as defined in our statute. Defendant's second assignment of error is without merit.

Defendant's third assignment of error alleges that the district

court erred in "overruling defendant's Motion in Limine and subsequent objection" at trial to Karen Niemann's testimony. Defendant made a motion in limine to exclude Niemann's testimony. The motion was overruled. A review of the record shows that he did not subsequently object to this testimony at trial. Thus, defendant did not preserve the issue on appeal. We have consistently held that when a motion in limine to exclude evidence is overruled, the movant must object during trial when the objectionable evidence is offered and may not predicate error on the admission of evidence to which no objection was made when it was offered. *State v. Nelson*, 235 Neb. 15, 453 N.W.2d 454 (1990). This assignment of error is without merit.

Defendant next contends that the district court erred in admitting evidence of his involvement with illegal controlled substances and stolen property in that it was irrelevant and prejudicial. Absent an abuse of discretion, a trial court's ruling on the admission or exclusion of evidence of other wrongs or acts will not be disturbed on appeal. *State v. Christian, ante* p. 294, 465 N.W.2d 756 (1991). Under Neb. Rev. Stat. § 27-404 (Reissue 1989), evidence of other crimes or wrongs may be admissible for the purpose of showing proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. This rule permits the use of evidence of other crimes, wrongs, or acts if such evidence is relevant for any purpose other than to show defendant's propensity or disposition to commit the crime charged. *Christian, supra; State v. Boppre,* 234 Neb. 922, 453 N.W.2d 406 (1990). The admission of evidence of defendant's use of illegal controlled substances and receipt of stolen property was not an abuse of discretion. This evidence was used to prove defendant's relationship with the victim and his motive for killing her. Defendant bought drugs from the victim on a regular basis and often sold the stolen merchandise to raise cash or traded it for drugs. There was ample evidence that defendant felt he had been cheated by the victim on either the quantity or quality of drugs he had been buying from her. It was appropriate for the State to show the nature of the dealings between defendant and the victim. If those dealings showed that defendant was a drug user and a thief, it was relevant to the

charge against defendant. The trial court did not err in admitting such evidence.

Defendant's final assignment of error is that the district court erred in not requiring the State to elect between premeditated murder and felony murder as a basis for its allegation of first degree murder. However, defendant failed to argue this matter in his brief. We will not consider errors assigned but not argued in appellant's brief. *Horst v. Johnson, ante* p. 155, 465 N.W.2d 461 (1991). In any event, the issue is disposed of by the discussion set out above concerning the possible two bases for the verdict of first degree murder reached by the jury.

The defendant's assignments of error are without merit, and the judgment is affirmed.

AFFIRMED.