STATE OF NEBRASKA, APPELLEE, V. JOSEPH EDGAR WHITE, APPELLANT.
477 N.W.2d 24

Filed November 22, 1991.    No. 90-241.

Toney J. Redman for appellant.

Don Stenberg, Attorney General, and Elaine A. Chapman for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The defendant, Joseph Edgar White, was convicted by a jury of first degree felony murder in the death of 68-year-old Helen Wilson on February 5, 1985. He was sentenced to life

imprisonment and has appealed to this court, contending the district court erred in failing to dismiss the charge because prosecution for the underlying felonies (robbery and sexual assault) was barred by the statute of limitations.

The record shows that on the night of February 5, 1985, White, James Dean, Thomas Winslow, Ada JoAnn Taylor, and Debra Shelden forcibly entered the victim's apartment in Beatrice for the purpose of robbing her. A sixth accomplice, Kathy Gonzalez, entered the apartment during the course of the robbery. The record shows that White participated in at least four planning sessions concerning this incident. During those discussions, White proposed sexually assaulting Mrs. Wilson as well as robbing her.

Most of the details of the Wilson homicide are set out in *State v. Dean*, 237 Neb. 65, 464 N.W.2d 782 (1991). Specifically, Mrs. Wilson was forced into her bedroom and was threatened and physically abused when she refused to tell the intruders where she kept her money. She was then forced back to the living room, screaming and kicking, and either tripped or was pushed to the floor. At this point, White and Winslow took turns sexually assaulting Mrs. Wilson. According to Taylor, White had vaginal intercourse with the victim, saying that she "deserved it," while Winslow held the victim's legs. Winslow then sodomized the victim while White held her down. Meanwhile, Taylor suffocated Mrs. Wilson with a pillow.

Mrs. Wilson did not move after she was raped, and appeared to be either dead or near death. The intruders proceeded to search the apartment for money. Taylor went into the kitchen and made some coffee for White and Winslow. Dean testified that after they left the apartment building, there was a general conversation between Taylor and White "about how nice it was to do it. They would do it again. It was fun. If they had the opportunity, they would do it again." White, Taylor, Winslow, and Dean then went to a truckstop and had breakfast.

When Mrs. Wilson's body was found the next morning by her brother-in-law, she had a complete fracture through the lower part of the left humerus, fractured ribs, a fractured sternum, a 2-centimeter vaginal tear, and numerous bruises, abrasions, and scratches. Her hands were loosely tied with a

towel, and a scarf was tightly wrapped around her head and tied.

On March 14, 1989, the Gage County Attorney filed a complaint against White, charging that on February 6, 1985, in Gage County, Nebraska, White did "kill Helen L. Wilson in the perpetration or attempt to perpetrate a sexual assault in the first degree." White was arrested pursuant to a warrant on March 16, 1989, near Cullman, Alabama, and was returned to Nebraska for trial. On April 4, 1989, an amended complaint was filed, charging that White, on or about February 6, 1985, in Gage County, Nebraska, did "kill Helen Wilson in the perpetration of or attempt to perpetrate any sexual assault in the first degree, robbery, kidnapping or burglary."

On May 17, 1989, the defendant moved to dismiss the amended complaint "for the reason that the felony murder charge requires conviction of the felony and the prosecution of the felonies are [sic] all barred under § 29-110 which requires that the complaint be filed within three years of the offense." The motion was denied on June 19, 1989. During White's arraignment in district court on July 3, 1989, the State was given leave to strike the word "kidnapping" from the information instanter.

The sole question presented in this appeal is whether the running of the 3-year statute of limitations on an underlying felony bars a prosecution for first degree felony murder pursuant to Neb. Rev. Stat. § 28-303(2) (Reissue 1989).

Section 28-303 provides that a person commits murder in the first degree if he kills another person "(1) purposely and with deliberate and premeditated malice, or (2) in the perpetration of or attempt to perpetrate any sexual assault in the first degree, arson, robbery, kidnapping, hijacking of any public or private means of transportation, or burglary . . . ." Neb. Rev. Stat. § 29-110 (Reissue 1985) provides that no person "shall be prosecuted for any felony, excepting only treason, *murder*, arson and forgery, unless the indictment for the same shall be found by a grand jury within three years next after the offense shall have been done or committed . . . ." (Emphasis supplied.)

Section 29-110 specifically excepts the crime of murder from the 3-year statute of limitations for felony prosecutions. See,

*Jackson v. Olson*, 146 Neb. 885, 22 N.W.2d 124 (1946); *State v. Keithley*, 236 Neb. 631, 463 N.W.2d 329 (1990). Under § 28-303, one may commit first degree murder either by committing premeditated murder or by killing another person while in the commission of certain felonies. *State v. Buckman*, 237 Neb. 936, 468 N.W.2d 589 (1991). The State need not prove premeditation and malice when the victim's death is caused by the defendant in the course of the defendant's commission of one of the felonies enumerated in § 28-303(2). *Id*. See, *State v. Bradley*, 210 Neb. 882, 317 N.W.2d 99 (1982); *State v. Hubbard*, 211 Neb. 531, 319 N.W.2d 116 (1982). See, also, *State v. Dixon*, 237 Neb. 630, 467 N.W.2d 397 (1991). A plurality of the U.S. Supreme Court recently upheld these principles in *Schad v. Arizona*, _____ U.S. _____, 111 S. Ct. 2491, 115 L. Ed. 2d 555 (1991), noting that there was widespread acceptance of the two mental states as alternative means of satisfying the mens rea element of the single crime of first degree murder.

In the present case, the defendant was charged with first degree murder, not with robbery, burglary, or sexual assault. Section 28-303(2) requires only that the killing occur during the perpetration of a specified felony, and the defendant need not be charged and convicted of an underlying felony in order to be convicted of first degree murder pursuant to § 28-303(2). Accordingly, the 3-year statute of limitations generally applicable to the underlying felonies charged in this case does not apply to the charged crime of first degree murder.

The defendant's assignment of error is without merit, and the judgment of the district court is affirmed.

AFFIRMED.