STATE OF NEBRASKA, APPELLEE, V. CALVIN J. WHITE, APPELLANT.
577 N.W. 2d 741

Filed May 8, 1998.    No. S-96-984.

Robin W. Hadfield, of Nebraska Commission on Public Advocacy, and Vicky L. Johnson, Fillmore County Public Defender, for appellant.

Don Stenberg, Attorney General, and Barry Waid for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, and STEPHAN, JJ., and FAHRNBRUCH, J., Retired.

GERRARD, J.

This case presents the question whether, upon retrial after reversal of a second degree murder conviction, the State is barred by the Double Jeopardy Clause from reprosecuting Calvin J. White for the crime of first degree felony murder after White had originally been charged with, and tried for, first degree premeditated murder but convicted by a jury of second degree murder. Because we conclude that White was impliedly acquitted of first degree premeditated murder at his first trial and the Double Jeopardy Clause bars the State from prosecuting White for felony murder at a subsequent trial, we reverse, and remand.

## BACKGROUND

On January 27, 1992, White was originally charged with first degree premeditated murder, use of a firearm to commit a felony, theft of an automobile, and other crimes unrelated to this appeal, in connection with the December 27, 1991, shooting death of Patricia Cool. White was tried for these crimes in July 1992, and the jury was also instructed with respect to the lesser-included offense of second degree murder. The jury returned a verdict finding White guilty of second degree murder, use of a firearm to commit the murder, and theft of an automobile, and judgment was entered thereon.

Having had his convictions for second degree murder, use of a firearm to commit the murder, and theft of an automobile affirmed on direct appeal in *State v. White*, 244 Neb. 577, 508 N.W.2d 554 (1993) (*White I*), White subsequently filed a motion for postconviction relief which was denied in the district court. On February 16, 1996, this court reversed the district court's denial of postconviction relief on the conviction for second degree murder and use of a firearm to commit the murder because the jury was not instructed that malice is an element of second degree murder, as required by *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994), and the cause was remanded for a new trial. *State v. White*, 249 Neb. 381, 543 N.W.2d 725 (1996) (*White II*). The conclusion of *White II* stated that the cause was remanded "for a new trial on the second degree murder and use of a firearm charges in accordance with this opinion." *Id*. at 390, 543 N.W.2d at 731. The mandate of this court simply stated that the judgment was "reversed and remanded for a new trial."

After the cause was remanded for a new trial, the State, in an amended information, charged White with (1) felony murder, (2) second degree murder, (3) use of a firearm to commit a felony, and (4) being a habitual criminal. White, in an amended plea in bar, claimed that because he was impliedly acquitted of first degree premeditated murder by virtue of being found guilty of second degree murder, he was being placed in jeopardy twice for the same crime when the State filed a felony murder charge against him in a subsequent proceeding. White also asserted in the amended plea in bar that the amended information charging him with felony murder violated this court's mandate in *White*

*II* in that the mandate directed the district court to retry White for the crime of second degree murder. The district court overruled White's amended plea in bar, and White appeals.

## ASSIGNMENTS OF ERROR

Restated, White asserts that the district court erred in overruling the amended plea in bar because the State's amended information charging him with felony murder violates (1) this court's mandate in *White II* in that the mandate directed the district court to retry White for the crime of second degree murder and (2) the Double Jeopardy Clauses of the Fifth Amendment to the U.S. Constitution and article I, § 12, of the Nebraska Constitution. White also contends that the district court violated his right to due process under the 14th Amendment to the U.S. Constitution and article I, § 3, of the Nebraska Constitution by overruling the amended plea in bar.

## STANDARD OF REVIEW

An issue presented regarding a denial of a plea in bar is a question of law. *State v. Belmarez, ante* p. 467, 577 N.W.2d 264 (1998); *State v. Marshall,* 253 Neb. 676, 573 N.W.2d 406 (1998). Regarding questions of law, an appellate court is obligated to reach a conclusion independent of determinations reached by the trial court. *State v. Marshall, supra.*

## ANALYSIS

Although it is the second assignment of error, we will first discuss White's double jeopardy claim because it is the dispositive issue in this appeal. The 5th Amendment to the U.S. Constitution, which is made applicable to the states through the 14th Amendment, provides in part: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Neb. Const. art. I, § 12, provides: "No person shall . . . be twice put in jeopardy for the same offense." The Double Jeopardy Clause of the Fifth Amendment protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *State v. Howell, ante* p. 247, 575 N.W.2d 861 (1998). This court has not construed Nebraska's double jeopardy clause

to provide any greater protections than those guaranteed by the U.S. Constitution. *Id.*

White asserts that if the State is allowed to go forward with its felony murder charge, he will be subjected to a second prosecution for the same offense after acquittal. Initially, we must determine whether White was actually acquitted of first degree premeditated murder at his first trial.

The U.S. Supreme Court specifically addressed this question in *Green v. United States*, 355 U.S. 184, 78 S. Ct. 221, 2 L. Ed. 2d 199 (1957). In *Green v. United States*, the defendant was charged with arson and first degree felony murder. At trial, the jury was authorized to find Green guilty of arson and either first degree felony murder or, alternatively, second degree murder, i.e., killing with malice aforethought. The jury found Green guilty of arson and second degree murder; however, the second degree murder conviction was reversed on appeal. Green was then tried again for felony murder and was convicted. On appeal, the Supreme Court was presented with the issue of whether the conviction for felony murder at the second trial constituted a double jeopardy violation. The Court recognized that at the first trial the jury was dismissed without rendering an express verdict on the first degree murder charge, but that the jury had been given a full opportunity to return its verdict. The Court concluded, therefore, that the situation was no different than if the jury had expressly rendered a "not guilty" verdict on the felony murder charge and that the Double Jeopardy Clause should have prevented the State from retrying Green on that charge at the second trial.

We are presented with a directly analogous situation in the instant case. At White's July 1992 trial, the jury was instructed on the crimes of first degree premeditated murder and the lesser-included offense of second degree murder. The jury returned a verdict finding White guilty of second degree murder. Because the jury was given a full opportunity to return a verdict in this case, the conviction of second degree murder and silence with respect to first degree premeditated murder constitute at least an implied acquittal of the latter charge. White cannot be tried again for first degree premeditated murder.

The more difficult question that arises is whether first degree premeditated murder is the "same offense" as felony murder for purposes of determining whether White's implied acquittal of premeditated murder will bar the subsequent prosecution for felony murder. The State contends that premeditated murder and felony murder are not the same offense because each contains an element not contained in the other. In making this contention, the State urges us to apply the same-elements test from *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932). In accordance with the *Blockburger* test, if each offense contains an element that is not contained in the other, they are not the same offense and there is no double jeopardy bar to a successive prosecution. *United States v. Dixon*, 509 U.S. 688, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993). There can be no dispute that premeditated murder and felony murder do not contain the same "elements" to support a conviction for first degree murder. Premeditated murder requires a purposeful killing and premeditated and deliberate malice, *State v. Marks*, 248 Neb. 592, 537 N.W.2d 339 (1995), none of which are required for felony murder, *State v. Hubbard*, 211 Neb. 531, 319 N.W.2d 116 (1982). The very basis of felony murder is the underlying felonious act or attempted felonious act that results in a killing, *State v. Bradley*, 210 Neb. 882, 317 N.W.2d 99 (1982), which is not required for premeditated murder. Additionally, felony murder requires an intent to commit a felony, whereas premeditated murder does not. *State v. Brunzo*, 248 Neb. 176, 532 N.W.2d 296 (1995) (felony murder requires intent to commit felony; premeditated murder requires intent to kill).

However, we reject the *Blockburger* test as the controlling principle in this case for two reasons. First, *Blockburger* is an acceptable test in resolving the issue of whether a lesser offense is merged into a greater offense by reason of identity of elements. In *Brown v. Ohio*, 432 U.S. 161, 168, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977), the Supreme Court stated that "[t]he greater offense is . . . by definition the 'same' for purposes of double jeopardy as any lesser offense included in it." The Court added that "the sequence [of the greater and lesser offenses] is

immaterial." *Id*. However, the Supreme Court has never applied the *Blockburger* test in a case where the accused has been charged with committing the same crime in alternative ways, e.g., first degree premeditated murder and first degree felony murder.

Second, the *Blockburger* test is deemed by the Supreme Court to be only a rule of statutory construction. *Missouri v. Hunter*, 459 U.S. 359, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983). The central focus of double jeopardy analysis is the determination of legislative intent.

> [T]he Fifth Amendment double jeopardy guarantee serves principally as a restraint on courts and prosecutors. The legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments; but once the legislature has acted courts may not impose more than one punishment for the same offense and prosecutors ordinarily may not attempt to secure that punishment in more than one trial.

*Brown v. Ohio*, 432 U.S. at 165. See, also, *Sanabria v. United States*, 437 U.S. 54, 98 S. Ct. 2170, 57 L. Ed. 2d 43 (1978). If the legislature intends to create two separate offenses and allow punishment for both, then it has the power to do so. It is the legislature, and not the prosecution, which establishes and defines offenses. See *id*.

"The assumption underlying the *Blockburger* rule is that [the legislature] ordinarily does not intend to punish the same offense under two different statutes." *Ball v. United States*, 470 U.S. 856, 861, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985). In this case, we are not comparing two different statutes; premeditated murder and felony murder are both defined in the same statute, Neb. Rev. Stat. § 28-303 (Reissue 1995). In determining whether successive prosecutions violate the Double Jeopardy Clause when there has been a single violation of a single statute, the U.S. Supreme Court has expressly declined to apply the *Blockburger* test. *Sanabria v. United States, supra.*

Likewise, in considering whether dual convictions and sentences for first degree murder for one killing amounted to double jeopardy, the Supreme Court of Colorado declined to apply the *Blockburger* test. *People v. Lowe*, 660 P.2d 1261 (Colo.

1983). The Colorado court used two methods in determining that the dual convictions and sentences could not stand. First, " '[t]he Due Process Clause of the Fourteenth Amendment . . . would presumably prohibit state courts from depriving persons of liberty or property as punishment for criminal conduct *except to the extent authorized by state law*.' " (Emphasis supplied.) *Id.* at 1267 (quoting *Whalen v. United States*, 445 U.S. 684, 100 S. Ct. 1432, 63 L. Ed. 2d 715 (1980)). Next, to determine whether state law authorized the dual convictions and sentences, the court applied rules of statutory construction:

> [T]he [U.S.] Supreme Court has adopted the rule of lenity as a tool of statutory construction. . . . The rule requires that courts resolve ambiguities in a penal code in the defendant's favor. . . . The rule of lenity is a corollary of the rule of statutory construction that requires penal statutes to be construed against the government. . . . The rule of lenity applies not only to interpretations of the substantive prohibitions, but also to the penalties they impose. . . .
>
> We have likewise recognized the rule of lenity as a tool to be used in interpreting penal statutes. Colorado criminal statutes are to be strictly construed in favor of the accused.

(Citations omitted.) *People v. Lowe*, 660 P.2d at 1267-68.

The Colorado court then went on to examine the first degree murder statute to determine whether the statute created one offense or multiple offenses:

> Section 18-3-102, C.R.S.1973 (1978 Repl.Vol. 8 & 1982 Supp.), provides:
>
> ". . . (1) A person commits the crime of murder in the first degree if:
>
> "(a) After deliberation and with the intent to cause the death of a person other than himself, he causes the death of that person or of another person; or
>
> "(b) Acting either alone or with one or more persons, he commits or attempts to commit arson, robbery, burglary, kidnapping, sexual assault in the first or second degree . . . and, in the course of or in furtherance of the crime that he is committing or attempting to commit, or of immediate flight therefrom, the death of a person, other than one of the participants, is caused by anyone; or

"(c) By perjury or subornation of perjury he procures the conviction and execution of any innocent person; or

". . . .

"(3) Murder in the first degree is a class 1 felony."

*People v. Lowe*, 660 P.2d at 1268 n.8. The Colorado court held that premeditated murder and felony murder were separate theories of the offense of first degree murder. "Murder after deliberation and felony murder are not denominated by the [Colorado statute] as separate and independent offenses, but only ways in which criminal liability for first-degree murder may be charged and prosecuted." *People v. Lowe*, 660 P.2d at 1269. Because the Colorado legislature did not clearly express an intent to allow conviction of more than one kind of first degree murder where there was only one person killed, strict construction prohibited dual convictions and punishments, which would have amounted to multiple punishments for the same offense. *People v. Lowe, supra.*

Several other jurisdictions have also held that premeditated murder and felony murder are the same offense. See, e.g., *People v. Zeitler*, 183 Mich. App. 68, 454 N.W.2d 192 (1990) (multiple murder convictions for one killing violate constitutional guarantee against double jeopardy); *State v. Arnett*, 158 Ariz. 15, 760 P.2d 1064 (1988) (premeditated murder and felony murder are merely two forms of same crime: first degree murder); *Wooten-Bey v. State*, 308 Md. 534, 520 A.2d 1090 (1987), *cert. denied* 481 U.S. 1057, 107 S. Ct. 2199, 95 L. Ed. 2d 853 (although premeditated murder and felony murder do not have identical elements, generally for purposes of double jeopardy provisions against successive trials or multiple punishments, they are deemed same offense); *State v. Powell*, 34 Wash. App. 791, 664 P.2d 1 (1983) (state legislature intended to specify alternative means of committing single offense); *State v. McCowan*, 226 Kan. 752, 602 P.2d 1363 (1979), *cert. denied* 449 U.S. 844, 101 S. Ct. 127, 66 L. Ed. 2d 53 (1980) (first degree murder statute does not create two different offenses, merely two theories for proving same offense); *State v. Gilroy*, 199 N.W.2d 63 (Iowa 1972) (sentences for premeditated murder and for felony murder imposed as result of one homicide amounted to double punishment); *Gray v. State*, 463 P.2d 897,

911 (Alaska 1970) ("[a]lthough there are several ways of committing first degree murder, it is still only one crime; and only one sentence can be imposed"). But see, *People v. Wilson*, 43 Cal. App. 4th 839, 50 Cal. Rptr. 2d 883 (1996) (allowing retrial of defendant on premeditated murder theory after reversal of conviction for felony murder); *Chao v. State*, 604 A.2d 1351 (Del. 1992) (intentional murder and felony murder are not same offense, therefore separate convictions and sentences are permissible).

Although *People v. Lowe*, 660 P.2d 1261 (Colo. 1983), and many of the cases cited from other jurisdictions involved multiple punishments for first degree murder imposed in one trial and the instant case involves successive prosecutions, the distinction is immaterial to our analysis. If two crimes are the same offense for purposes of barring consecutive sentences at a single trial, they necessarily will be the same for purposes of barring successive prosecutions. *Sanabria v. United States*, 437 U.S. 54, 98 S. Ct. 2170, 57 L. Ed. 2d 43 (1978). "Where the judge is forbidden to impose cumulative punishment for two crimes at the end of a single proceeding, the prosecutor is forbidden to strive for the same result in successive proceedings." *Brown v. Ohio*, 432 U.S. 161, 166, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977).

With the foregoing in mind, we set out to interpret Nebraska's first degree murder statute. Section 28-303 provides, in pertinent part:

> A person commits murder in the first degree if he kills another person (1) purposely and with deliberate and premeditated malice, or (2) in the perpetration of or attempt to perpetrate any sexual assault in the first degree, arson, robbery, kidnapping, hijacking of any public or private means of transportation, or burglary . . . .

We have consistently held that the general overriding principle of statutory construction as it relates to a penal statute is that the penal statute is to be strictly construed. *State v. Ewing*, 221 Neb. 462, 378 N.W.2d 158 (1985); *State v. Suhr*, 207 Neb. 553, 300 N.W.2d 25 (1980). A penal statute is given a strict construction which is sensible and prevents injustice or an absurd consequence. *State v. Robbins*, 253 Neb. 146, 570 N.W.2d 185 (1997); *State v. Sundling*, 248 Neb. 732, 538 N.W.2d 749

(1995). Additionally, penal statutes are given a sensible construction in the context of the object sought to be accomplished, the evils and mischiefs sought to be remedied, and the purpose sought to be served. *State v. Robbins, supra*; *State v. Ryan*, 249 Neb. 218, 543 N.W.2d 128 (1996), *cert. denied* 519 U.S. 927, 117 S. Ct. 293, 136 L. Ed. 2d 213.

We have previously determined that premeditated murder and felony murder are two different methods of committing a single offense. That conclusion provided the basis for our holding that when a defendant is charged in the alternative with premeditated murder and felony murder, a jury need not be unanimous under which theory it convicts the defendant. *State v. Buckman*, 237 Neb. 936, 468 N.W.2d 589 (1991). In *State v. Buckman*, 237 Neb. at 942, 468 N.W.2d at 593, we concluded that

> it matters not if some jurors arrive at a guilty verdict based on proof of premeditation and some arrive at the same conclusion based on the commission of a felony by defendant. . . . Each juror need only be convinced beyond a reasonable doubt that defendant committed the crime of first degree murder as defined in our statute.

Similarly, in *State v. White*, 239 Neb. 554, 557, 477 N.W.2d 24, 25-26 (1991), we referred to *Schad v. Arizona*, 501 U.S. 624, 111 S. Ct. 2491, 115 L. Ed. 2d 555 (1991), *rehearing denied* 501 U.S. 1277, 112 S. Ct. 28, 115 L. Ed. 2d 1109, and the conclusion in that case that there is "widespread acceptance of the two mental states [of premeditated and felony murder] as alternative means of satisfying the mens rea element of the single crime of first degree murder."

In the case at bar, the evidence could establish that the single act of killing was committed both after deliberation and in the perpetration of one of the enumerated felonies in § 28-303. White was initially charged, in 1992, with first degree premeditated murder. After the cause was remanded for a new trial, the State now seeks to charge White with, inter alia, felony murder. The conduct prohibited by § 28-303 is first degree murder. Premeditated murder and felony murder are not denominated in Nebraska's statutes as separate and independent offenses, but only ways in which criminal liability for first degree murder

may be charged and prosecuted. Therefore, the difference in the charges between the first trial and the retrial is a difference in the State's *theory* of how White committed the single offense of first degree murder.

The Legislature has not manifested any clear intent that a defendant could be convicted of more than one kind of first degree murder where there is but one victim. Our past construction of first degree murder as one offense capable of proof by several theories is sensible and serves the overarching penal goals of deterrence and retribution. To hold that premeditated murder and felony murder are separate offenses does not significantly further the goals of the statute because neither retribution nor deterrence would be served by imposing multiple death or life sentences for a single killing. We are guided by the rule that where a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent. *State v. Atkins*, 250 Neb. 315, 549 N.W.2d 159 (1996); *State v. Joubert*, 246 Neb. 287, 518 N.W.2d 887 (1994). Therefore, we hold that the crime of first degree murder, as defined in § 28-303, constitutes one offense even though there may be alternate theories by which criminal liability for first degree murder may be charged and prosecuted in Nebraska.

Consequently, we determine that when a defendant is impliedly acquitted at trial of the offense of first degree murder, the Double Jeopardy Clause bars the State from reprosecuting that defendant at a subsequent proceeding, under a different theory of criminal liability, for the offense of first degree murder. To hold otherwise would mean that in cases involving only one death, the State could potentially bring successive prosecutions for felony murder until the State eventually obtained a conviction or until it ran out of underlying felonies on which to base the felony murder charge. We agree with other courts that have made the observation that it would indeed be a strange system of justice that would permit two sentences to be imposed for the killing of one person. See, *People v. Lowe*, 660 P.2d 1261 (Colo. 1983); *Gray v. State*, 463 P.2d 897 (Alaska 1970). It would be no less strange to allow a prosecution for the same offense after

an acquittal or conviction based on a different theory of criminal liability.

Our holding that the Double Jeopardy Clause bars the State from retrying White for the crime of first degree murder does not prevent the State from proceeding with a new trial on the vacated second degree murder conviction and the related charge of use of a firearm to commit a felony. Reversal for trial error, such as incorrect jury instructions and ineffective assistance of counsel, implies nothing with respect to the guilt or innocence of White. Rather, it is only a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect. *State v. Williams*, 247 Neb. 931, 531 N.W.2d 222 (1995), *cert. denied* 516 U.S. 1008, 116 S. Ct. 563, 133 L. Ed. 2d 488. Reversal based upon trial error does not bar a retrial of a criminal defendant. *Id.; State v. Yelli*, 247 Neb. 785, 530 N.W.2d 250 (1995), *cert. denied* 516 U.S. 915, 116 S. Ct. 304, 133 L. Ed. 2d 209. As a result of our holding, we do not consider White's other assignments of error.

## CONCLUSION

For the foregoing reasons, we conclude that the district court erred in overruling White's amended plea in bar. We, therefore, reverse the order of the district court and remand this cause to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

McCORMACK, J., not participating.