778 N.W.2d 497 (2009)
18 Neb. App. 215
STATE of Nebraska, appellee,
v.
Gregory A. BILOFF, appellant.
No. A-09-175.
Court of Appeals of Nebraska.
December 1, 2009.
*500 Calvin D. Hansen, Lincoln, for appellant.
Jon Bruning, Attorney General, and Erin E. Tangeman for appellee.
IRWIN, SIEVERS, and CARLSON, Judges.
IRWIN, Judge.

I. INTRODUCTION
Pursuant to this court's authority under Neb. Ct. R. App. P. § 2-111(B)(1) (rev. 2008), this case was ordered submitted without oral argument. Gregory A. Biloff appeals from the district court's dismissal of his motion for postconviction relief without an evidentiary hearing. On appeal, Biloff asserts that the court erred in denying an evidentiary hearing and in denying postconviction relief. For the reasons stated below, we affirm the district court's denial of Biloff's motion.

II. BACKGROUND
In March 2005, Biloff's 10-year-old daughter reported to school officials that Biloff had been sexually abusing her for approximately 5 years. She reported that the incidents of abuse had occurred every other weekend when she and her younger sister would stay with Biloff. As a result of these allegations, Biloff was interviewed by police. Ultimately, Biloff admitted that he had been abusing his daughter since she was 6 years old.
Biloff was charged with one count of first degree sexual assault on a child and one count of incest. Biloff was arraigned, and he entered a plea of not guilty to the charges. At some point prior to trial, Biloff reached a plea agreement with the State. Under the agreement, Biloff agreed to plead guilty to the first degree sexual assault on a child charge, in exchange for which the State agreed to dismiss the incest charge. The court accepted Biloff's plea and found him guilty of first degree sexual assault on a child.
After a presentence investigation was completed, Biloff was sentenced to 20 to 30 years' imprisonment. Biloff appealed his sentence to this court, arguing that it was excessive. This court found that the sentence was within the statutory limits and that, given the seriousness of the offense, there was no abuse of discretion. We summarily affirmed the sentence.
Biloff then filed a motion for postconviction relief on the basis of ineffective assistance of counsel. The district court denied Biloff's motion and denied Biloff an evidentiary hearing on the matter. Biloff appeals here.

III. ASSIGNMENT OF ERROR
Biloff has assigned three errors on appeal, which we consolidate for discussion to one: The district court erred in denying Biloff's motion for postconviction relief without granting an evidentiary hearing.

IV. STANDARD OF REVIEW
An evidentiary hearing on a motion for postconviction relief is not required if the motion alleges only conclusions of fact or law or if the record and files in the case affirmatively establish that the defendant is not entitled to relief. See State v. Billups, 263 Neb. 511, 641 N.W.2d 71 (2002).
Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. State v. Rhodes, 277 Neb. 316, 761 N.W.2d 907 (2009). When reviewing a claim of ineffective assistance of counsel, an appellate court reviews *501 the factual findings of the lower court for clear error. Id. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test, an appellate court reviews such legal determinations independently of the lower court's decision. Id.

V. ANALYSIS
In his motion for postconviction relief, Biloff made multiple allegations regarding the alleged failures and omissions of his trial counsel. As a result of these alleged failures and omissions, Biloff argues, he was given ineffective counsel. Biloff alleges, "But for the ineffectiveness of counsel, the results of the proceedings would have been different" because Biloff would have demanded his right to trial, rather than pleading guilty to first degree sexual assault on a child. Upon our review of each of the alleged failures of trial counsel, we conclude that the assertions in Biloff's motion lack merit.
One seeking postconviction relief has the burden of establishing the basis for such relief, and the findings of the district court will not be disturbed on appeal unless clearly erroneous. See State v. McHenry, 268 Neb. 219, 682 N.W.2d 212 (2004).
In order to establish a right to postconviction relief based on a claim of ineffective counsel, the defendant has the burden to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. The defendant must also show that counsel's deficient performance prejudiced the defense in his or her case. The two prongs of this test, deficient performance and prejudice, may be addressed in either order. Id.
In determining whether a trial counsel's performance was deficient, there is a strong presumption that such counsel acted reasonably. Id. When reviewing a claim of ineffective assistance of counsel, an appellate court will not second-guess reasonable strategic decisions by counsel. Id.
In order to show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. Id. When a defendant's conviction involves a guilty plea, the defendant will satisfy the element of prejudice if the defendant can show a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. See State v. Amaya, 276 Neb. 818, 758 N.W.2d 22 (2008). In the context of postconviction relief, a reasonable probability is a probability sufficient to undermine confidence in the outcome. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Before addressing the specific arguments Biloff makes on appeal, we note that the issues raised are not procedurally barred. Although a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, Biloff was represented both at trial and on direct appeal by the same lawyer. See State v. Rhodes, 277 Neb. 316, 761 N.W.2d 907 (2009). As such, his motion for postconviction relief was his first opportunity to assert ineffective assistance of counsel.

1. FAILURE TO ADVISE DURING PLEA PROCESS
Biloff first alleges that his trial counsel failed to properly advise him during the plea process. Specifically, Biloff alleges that his trial counsel failed to advise him *502 that "a double jeopardy claim was available to him to prevent the state from charging him with [both first degree sexual assault on a child and incest] regarding the same victim on the same date." Biloff further alleges that if he had been advised about the double jeopardy issue, he would not have pled guilty, but would have demanded his right to trial.
Contrary to Biloff's allegations in his motion, first degree sexual assault on a child and incest are not the same offense for purposes of double jeopardy. As such, Biloff's counsel was not ineffective for failing to advise him that he could not be convicted of both crimes.
The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. State v. Winkler, 266 Neb. 155, 663 N.W.2d 102 (2003). The protection provided by Nebraska's double jeopardy clause is coextensive with that provided by the U.S. Constitution. State v. Winkler, supra.
A single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause. See Albernaz v. U.S., 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). The Nebraska Supreme Court has held, "`The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense.'" Warren v. State, 79 Neb. 526, 531, 113 N.W. 143, 145 (1907).
Under Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or one is whether each provision requires proof of a fact which the other does not. The Blockburger test applies equally to multiple punishment and multiple prosecution cases. State v. Winkler, supra. The Blockburger, or "same elements," test asks whether each offense contains an element not contained in the other. Id. If not, they are the same offense and double jeopardy bars additional punishment and successive prosecution. Id. If so, they are not the same offense and double jeopardy is not a bar to additional punishment or successive prosecution. In applying the Blockburger test to separately codified criminal statutes which may be violated in alternative ways, only the elements charged in the case at hand should be compared in determining whether the offenses under consideration are separate or the same for purposes of double jeopardy. Id.
Under the Blockburger test, if first degree sexual assault on a child and incest each contain an element that is not contained in the other, then they are not the same offense and double jeopardy does not bar conviction or punishment for both offenses. We now compare the elements of first degree sexual assault on a child as defined by Neb.Rev.Stat. § 28-319(1) (Reissue 1995) and incest as defined by Neb.Rev.Stat. § 28-703 (Reissue 2008).
Section 28-319(1) stated: "Any person who subjects another person to sexual penetration... when the actor is nineteen years of age or older and the victim is less than sixteen years of age is guilty of sexual assault in the first degree." As such, first degree sexual assault on a child requires proof of (1) sexual penetration, (2) the age of the victim, and (3) the age of the offender.
Section 28-703 states in pertinent part: "Any person who shall knowingly ... engage *503 in sexual penetration with any person who falls within the degrees of consanguinity set forth in section 28-702 ... commits incest." As such, incest requires proof of (1) sexual penetration, (2) degree of consanguinity between the two parties, and (3) knowledge of the degree of consanguinity.
Proof of the degree of consanguinity between the parties is not an element of first degree sexual assault on a child. Proof of the age of the victim or the age of the offender is not an element of incest. Because each of the charged offenses includes at least one element which is not included in the other, they are separate offenses for the purpose of double jeopardy. As such, Biloff's counsel was not ineffective for failing to advise him that he could not be convicted or punished for both crimes. His assertion has no merit.

2. FAILURE TO INVESTIGATE
Biloff next alleges that his trial counsel failed to conduct a complete factual investigation of his case, in that his trial counsel failed to investigate, research, and prepare a motion to suppress statements Biloff made to law enforcement; failed to interview witnesses; failed to review the videotaped interviews with the victim; and failed to consult experts. Biloff indicates that this failure to investigate prevented his attorney from adequately preparing for trial or providing him with sound advice about whether to go to trial or accept the plea agreement with the State.
Biloff does not allege facts to demonstrate that the statement he gave to police was subject to suppression because of constitutional violations. Rather, Biloff only alleges that his statements "were not lawfully obtained." In a postconviction motion, the pleading of mere conclusions of fact or of law is not sufficient to require the court to grant an evidentiary hearing. See State v. Lytle, 224 Neb. 486, 398 N.W.2d 705 (1987).
Biloff makes no allegations about what his attorney would have uncovered had his attorney interviewed witnesses or examined the evidence. It is not enough to allege that if counsel had properly investigated, the defendant would not have pled guilty. In addition to such an allegation, the defendant must allege facts which tell the court why the result would have been different. See State v. McHenry, 268 Neb. 219, 682 N.W.2d 212 (2004).
In addition, the record shows Biloff repeatedly indicated at the plea proceeding that he had sufficient time to discuss his case with his attorney and that he had discussed all available defenses with his attorney. When the court asked Biloff if he was satisfied with his attorney, Biloff responded, "Definitely, yes." Furthermore, during the plea colloquy, the trial court informed Biloff that he had a right to request a suppression hearing concerning any statements he had made to law enforcement officials and that by pleading guilty, he was giving up that right. Biloff affirmatively indicated that he understood that he was waiving his right to a suppression hearing.
Biloff's assertions concerning his counsel's failure to investigate have no merit.

VI. CONCLUSION
Because Biloff's postconviction motion alleged only conclusions and because the record and files in this case affirmatively establish that Biloff was not entitled to relief, we find that the district court did not err in denying Biloff an evidentiary hearing or in denying his motion. We therefore affirm.
AFFIRMED.