district court will not be disturbed unless they are clearly erroneous. *State v. Robinson*, 285 Neb. 394, 827 N.W.2d 292 (2013). "The entry of filing by the clerk is the best evidence of the date of filing and is presumed to be correct until the contrary is shown." *State v. Hess*, 261 Neb. 368, 377-78, 622 N.W.2d 891, 901 (2001). The district court's finding that Smith filed his motion outside the 1-year period was not clearly erroneous.

## VI. CONCLUSION

The district court did not err in denying postconviction relief without an evidentiary hearing. We affirm the judgment of the district court.

Affirmed.

---

State of Nebraska, appellee, v. James L. Branch, appellant.
___ N.W.2d ___

Filed June 14, 2013.    No. S-12-1010.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.

2. **Postconviction: Constitutional Law: Judgments: Proof.** An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution, causing the judgment against the defendant to be void or voidable.

3. **Postconviction.** An evidentiary hearing is not required when a motion for postconviction relief alleges only conclusions of fact or law.

4. **Postconviction: Constitutional Law: Judgments: Proof.** If a defendant makes sufficient allegations of a constitutional violation which would render a judgment void or voidable, an evidentiary hearing on a motion for postconviction relief may be denied only when the records and files affirmatively show that the defendant is entitled to no relief.

Appeal from the District Court for Douglas County: W. Mark Ashford, Judge. Affirmed in part, and in part reversed and remanded for further proceedings.

Sean M. Conway, of Dornan, Lustgarten & Troia, P.C., L.L.O., for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

HEAVICAN, C.J., WRIGHT, STEPHAN, McCORMACK, and CASSEL, JJ.

HEAVICAN, C.J.

## INTRODUCTION

James L. Branch's motion for postconviction relief was denied without an evidentiary hearing. He appeals. We conclude that Branch is entitled to an evidentiary hearing on his allegation regarding potential alibi evidence and accordingly reverse the district court's denial of a hearing. As to Branch's other allegations, however, we affirm the district court's judgment.

## BACKGROUND

In March 2008, Branch was charged by amended information with robbery, first degree false imprisonment, and kidnapping. At his jury trial, Branch testified in his own behalf that he was not present during the alleged crimes. Following the conclusion of his trial, Branch was convicted of robbery and kidnapping, and the false imprisonment charge was dismissed. He was sentenced to 40 to 50 years' imprisonment for robbery and life imprisonment for kidnapping; this court affirmed.[1]

In April 2011, Branch filed a pro se motion for postconviction relief. He was appointed counsel, and an amended motion for postconviction relief was filed. That motion alleged that trial and appellate counsel were the same and that this counsel was ineffective as follows:

> a. Trial counsel was aware [Branch] claimed not to be present during the incident and did not commit the crimes charged but failed to call witnesses on [Branch's] behalf, such as Laqu[e]sha Martin, who would testify [Branch]

---

[1] *State v. Branch*, 277 Neb. 738, 764 N.W.2d 867 (2009).

was not present during the incident and did not commit the crimes charged;

    b. Trial counsel failed to use an investigator to discover additional witnesses and/or evidence that tended to establish that [Branch] was not present during the incident and did not commit the crimes charged even though [Branch] provided trial counsel with information in this regard;

    c. Trial counsel knew there were latent fingerprints from the crime scene, but did not request for independent scientific evaluation of any and all lifts of latent fingerprints;

    d. Trial counsel knew there was blood or suspected blood samples, but did not request for independent scientific evaluation of any and all blood or suspected blood samples; and

    e. Trial counsel failed to consult with [Branch] regarding critical aspects of the case, e.g., calling or not calling witnesses vital to the defense, theory of the defense, and final argument.

Branch further alleged that he was prejudiced by this deficient performance because:

    a. The lack of additional defense witnesses and expert testimony regarding the physical evidence unfairly prejudiced the jury against [Branch] and his theory of defense;

    b. Consultation with [Branch] regarding potential defense witnesses, expert testimony, and trial strategy would have resulted in a stronger defense at trial and would have produced a different result at trial; and

    c. There is a reasonable probability that but for trial counsel's deficient performance the results of the trial would have been different.

The district court denied Branch's motion without an evidentiary hearing. Branch appeals.

## ASSIGNMENT OF ERROR

Branch assigns that the district court erred in failing to grant an evidentiary hearing on his motion for postconviction relief.

## STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[2]

## ANALYSIS

[2-4] In his sole assignment of error, Branch asserts that the district court erred in failing to grant him an evidentiary hearing. An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution, causing the judgment against the defendant to be void or voidable.[3] An evidentiary hearing is not required when the motion alleges only conclusions of fact or law.[4] If the defendant makes sufficient allegations of a constitutional violation which would render the judgment void or voidable, an evidentiary hearing may be denied only when the records and files affirmatively show that the defendant is entitled to no relief.[5]

*Alibi Testimony.*

We turn first to Branch's argument that the district court erred in failing to grant an evidentiary hearing on his allegation that his trial counsel was ineffective for failing to present alibi evidence in the form of Laquesha Martin's testimony.

As is set forth above, Branch alleged that trial counsel was aware of Branch's alibi defense and further alleged that Martin would testify that Branch was not present during the incident and did not commit the crimes charged. Standing alone, these allegations are insufficient to support the granting of an

---

[2] *State v. Edwards*, 284 Neb. 382, 821 N.W.2d 680 (2012).

[3] *State v. Poe*, 284 Neb. 750, 822 N.W.2d 831 (2012).

[4] *Id*.

[5] *Id*.

evidentiary hearing, because they do not specifically allege that Martin would provide an alibi for Branch.

Given the restrictions of the Nebraska Postconviction Act,[6] those seeking postconviction relief ought to plead any and all allegations with as much detail as possible in order to avoid the dismissal of their motion without an evidentiary hearing. But in this case, an otherwise vague allegation is made sufficiently clear upon review of the record.

At trial, Branch testified in his own behalf. In that testimony, Branch stated that on the date of the robbery, he was asleep until just prior to either 11 a.m. or 2 p.m., at which time he picked up Martin from work. Branch explained that he was uncertain about the time because Martin had been working a lot of overtime and he was unsure about whether she worked overtime on that day. In any event, Branch testified that after he picked Martin up, he and Martin drove to the home of a friend of Branch's who was keeping Branch's dog. Branch estimated that they were gone about 1½ hours before returning to the apartment they shared. Upon returning to their apartment, the two met with Paul Miller. Miller had in his possession a credit card, and he asked Branch if he would go around town with Miller and fill up gas tanks. We note that this timeline, while vague, is not obviously inconsistent with the victim's testimony regarding the robbery, which is also somewhat vague.

When the allegations regarding Martin's proposed testimony are considered in conjunction with Branch's trial testimony, they are sufficient to warrant the granting of an evidentiary hearing. The allegations in Branch's motion state that Martin would testify that Branch was not present during the incident and did not commit the crimes charged. And Branch testified that he was with Martin. A logical reading of both suggests that Martin would testify that Branch was not present and did not commit the crimes charged because he was with Martin. As such, Branch is entitled to an evidentiary hearing on this allegation.

---

[6] Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008 & Cum. Supp. 2012).

*Remaining Allegations.*

Branch also alleges that his counsel was ineffective for failing to use an investigator to discover additional witnesses, for failing to consult with Branch on critical aspects of the case, and for failing to order independent testing of fingerprint and blood evidence.

While Branch is entitled to an evidentiary hearing on the question of the ineffectiveness of his trial counsel with regard to a potential alibi witness, the remainder of his allegations are merely conclusory and insufficient to warrant postconviction relief. Branch fails to allege what other witnesses might be called or what their testimony might be. In addition, he fails to allege what specifically would have been different about these "critical aspects of the case" if only he had been consulted by trial counsel. And Branch fails to set forth any prejudice that would result from independent analyses of fingerprint and blood evidence when nothing at trial suggested that this evidence in any way implicated Branch, and where there were other perpetrators of the crimes in addition to Branch. Thus, Branch is not entitled to an evidentiary hearing on these allegations.

## CONCLUSION

We reverse the district court's denial of Branch's request for an evidentiary hearing regarding trial counsel's alleged ineffectiveness in failing to present Martin's alibi testimony. We otherwise affirm the denial of Branch's request. The judgment of the district court is affirmed in part and in part reversed, and the cause remanded for further proceedings.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.

CONNOLLY and MILLER-LERMAN, JJ., participating on briefs.