IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL

STATE V. KING

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
BUD KING, APPELLANT.

Filed July 22, 2014.    No. A-13-742.

Appeal from the District Court for Lancaster County: JOHN A. COLBORN, Judge. Affirmed.

Bud King, pro se.

Jon Bruning, Attorney General, and George R. Love for appellee.

INBODY, Chief Judge, and IRWIN and BISHOP, Judges.

IRWIN, Judge.

## I. INTRODUCTION

This is a postconviction appeal. In 2011, pursuant to a plea agreement, Bud King pled no contest to two counts of attempted first degree sexual assault. He was sentenced to a term of not less than 20 years' to not more than 20 years' imprisonment for each of the convictions. The convictions were ordered to be served consecutively. On direct appeal, this court rejected King's claim that these sentences were excessive.

King now appeals the district court's dismissal of all of his claims for postconviction relief without an evidentiary hearing. Upon our review, we affirm the order of the district court in its entirety.

## II. BACKGROUND

King was originally charged with first degree sexual assault. Pursuant to a plea agreement, the State amended the charge from one count of first degree sexual assault to two counts of attempted first degree sexual assault. King pled no contest to the amended charges.

The factual basis for King's plea revealed that on July 26, 2008, a 12-year-old girl, A.G., reported to police that a man had come into her bedroom in the middle of the night and had sexually assaulted her. Specifically, A.G. reported that the man had subjected her to cunnilingus and to sexual intercourse. She reported that she was scared by the man's actions and told him to stop and leave several times, but he did not comply. A.G. was unable to identify the man who had been in her bedroom.

During a police investigation of A.G.'s allegations, multiple DNA samples were collected from A.G., her clothing, and her bedroom. In 2010, it was determined that King was a major contributor to the DNA collected from A.G.

The district court found King guilty of two counts of attempted first degree sexual assault based on his plea and the State's factual basis. The court then sentenced King to a term of not less than 20 years' to not more than 20 years' imprisonment for each of the convictions. The convictions were ordered to be served consecutively. A direct appeal was filed to this court in which King's sole assignment of error was that the sentences were excessive. On May 10, 2012, we granted the State's motion for summary affirmance in case No. A-11-1011.

In April 2013, King filed a pro se motion for postconviction relief in which he made various claims of trial court error and ineffective assistance of trial and appellate counsel. Ultimately, the district court sustained the State's motion to deny an evidentiary hearing and dismissed King's motion for postconviction relief. In its order, the court found that an evidentiary hearing was not necessary because the existing files and records affirmatively demonstrated that King was not entitled to any relief.

King appeals the denial of his motion for postconviction relief without an evidentiary hearing.

## III. ASSIGNMENT OF ERROR

On appeal, King alleges, restated and consolidated, that the district court erred in denying his motion for postconviction relief without an evidentiary hearing.

## IV. STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Branch*, 286 Neb. 83, 834 N.W.2d 604 (2013).

A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012). When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id*. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. *State v. Golka*, 281 Neb. 360, 796 N.W.2d 198 (2011).

V. ANALYSIS

King appeals the district court's decision to deny his motion for postconviction relief without an evidentiary hearing. An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution, causing the judgment against the defendant to be void or voidable. *State v. Branch, supra*. An evidentiary hearing is not required when the motion alleges only conclusions of fact or law. *Id.* If the defendant makes sufficient allegations of a constitutional violation which would render the judgment void or voidable, an evidentiary hearing may be denied only when the records and files affirmatively show that the defendant is entitled to no relief. *Id.*

In his brief on appeal, King has alleged numerous postconviction claims, including two allegations of trial court error, four allegations of ineffective assistance of trial counsel, and two allegations of ineffective assistance of appellate counsel.

Specifically, King alleges that the trial court erred in denying his request for substitute counsel and in violating double jeopardy principles by sentencing him to consecutive sentences for his two attempted sexual assault convictions. King next alleges that his trial counsel was ineffective in telling King that he would receive concurrent sentences if he pled to the amended charges, waiving King's right to service 24 hours prior to his arraignment on the amended charges, failing to object to the amended charges on double jeopardy grounds, and not deposing or investigating his alibi witness. Finally, King alleges that his appellate counsel was ineffective in failing to raise ineffective assistance of trial counsel claims in his direct appeal and in failing to raise double jeopardy issues in his direct appeal.

## 1. TRIAL COURT ERROR

King's allegations of trial court error are procedurally barred. A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. See *State v. Benzel*, 269 Neb. 1, 689 N.W.2d 852 (2004); State v. Perry, 268 Neb. 179, 681 N.W.2d 729 (2004). As we discussed above, King's appellate counsel filed a direct appeal on his behalf, but the only issue properly raised for our consideration was whether King's sentences were excessive. Both the propriety of the trial court's decision to deny King's motion for substitute counsel and the double jeopardy issue with regard to King's convictions and sentences could have been, and should have been, raised in his direct appeal. Because these issues were not raised, King is now procedurally barred from raising the issues for the first time in his motion for postconviction relief.

## 2. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Before we address King's specific allegations of ineffective assistance of trial counsel, we review the pertinent law that overlays such claims. To prevail on a claim of ineffective assistance of counsel under the test pronounced in *Strickland v. Washington, supra*, the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013). To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the

area. *Id*. To show prejudice, the defendant must demonstrate reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. The defendant has the burden in postconviction proceedings of demonstrating ineffectiveness of counsel, and the record must affirmatively support that claim. *Id*.

We note that King's claims of ineffective assistance of trial counsel are not procedurally barred. Although a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, King was represented both at trial and on direct appeal by the same lawyer. See *State v. Rhodes*, 277 Neb. 316, 761 N.W.2d 907 (2009). As such, his motion for postconviction relief was his first opportunity to assert ineffective assistance of trial counsel.

With these broad principles in mind, we turn to the specific allegations of ineffective assistance of trial counsel raised in King's brief to this court.

### (a) Advising King Regarding His Possible Sentences

King asserts that his trial counsel was ineffective because counsel induced King to plead no contest to two counts of attempted first degree sexual assault pursuant to the plea agreement offered by the State when counsel assured him that he would receive concurrent, rather than consecutive, sentences for those charges. King asserts that as a result of counsel's erroneous advisement, he did not voluntarily plead to the amended charges. In addition, King indicates that but for his counsel's advisement, he would not have pled no contest to the amended charges. King's assertion is without merit. The record affirmatively refutes his allegation that his counsel, or anyone, promised him specific sentences in return for his no contest pleas to the amended charges.

During the plea hearing, the trial court advised King regarding the nature of each of the amended charges and the possible penalties for those charges. In addition, the court specifically informed King, "Any sentence on Count 2 could be consecutive, that is in addition to the sentence on Count 1. Do you understand that?" King responded that he understood the sentences could be ordered to run consecutively.

Later in the plea hearing, the following discussion about the specific plea agreement was had between the court, counsel, and King:

> [PROSECUTOR]: The State has agreed to reduce this from a Class 2 felony to two Class 3 felonies in exchange for Mr. King's pleas of no contest to those two Class 3 felonies. The State agrees not to file any additional charges arising out of this investigation. The State also further agrees to dismiss a criminal contempt matter that was filed in Lancaster County Court against Mr. King . . . .
>
> THE COURT: [Defense counsel], is this your understanding of the plea agreement?
>
> [DEFENSE COUNSEL]: Yes, it is, Your Honor.
>
> THE COURT: Mr. King, is this your understanding of the plea agreement?
>
> [THE DEFENDANT]: Yes.

THE COURT: Other than this agreement, has anyone connected with law enforcement or the County Attorney's Office, or anyone else made any promises, threats or used any force or inducements to get you to plead no contest to these charges?

[THE DEFENDANT]: No.

THE COURT: Has anyone made any promises to you as to what the actual sentence is going to be with respect to these charges?

[THE DEFENDANT]: No.

. . . .

THE COURT: Are you freely, voluntarily, knowingly and intelligently entering each plea of no contest and waiving your rights in these matters?

[THE DEFENDANT]: Yes.

Based upon King's answers to the court's questions during the plea hearing, we conclude that the record affirmatively refutes his allegations that his trial counsel promised him specific sentences and thus, induced him to plead no contest to the amended charges. King very clearly informed the court that no one, including his trial counsel, had promised him that he would receive any specific sentences if he pled no contest to the amended charges. In addition, the trial court explicitly informed King that he could receive consecutive sentences if he pled to the amended charges. King's assertion that his trial counsel promised him concurrent sentences and his assertion that he relied on counsel's promise in deciding to plead no contest to the amended charges is simply without merit.

(b) Waiving King's Right to Service<br>24 Hours Prior to Arraignment

In his brief on appeal, King asserts that his trial counsel was ineffective because counsel "interfered with [his] right to be served a copy of the Amended Information and then wait 24 hours before being asked to enter a plea." Brief for appellant at 5. King also asserts that if he had been allotted additional time to consider the charges contained in the amended information, then he may not have chosen to plead no contest to the amended charges. However, King did not raise these assertions in his motion for postconviction relief, and as a result, the assertions are not properly before this court for consideration. An appellate court will not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief. *State v. Caddy*, 262 Neb. 38, 628 N.W.2d 251 (2001).

(c) Failing to Object to Amended Charges

King alleges that his trial counsel was ineffective because counsel failed to object to the charges contained in the amended information on the basis that the charges violated the principles of double jeopardy. Specifically, King claims that when the State charged him with two counts of attempted first degree sexual assault based upon a single criminal encounter, that those charges violated double jeopardy principles and that King's counsel should have objected to the amended charges on that ground. King's assertion has no merit. King cannot demonstrate that he was prejudiced in any way by counsel's failure to object to the amended information

because the charges contained in the amended information do not violate the principles of double jeopardy. Any objection by counsel on that basis would have been entirely unsuccessful.

The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. See *State v. Biloff*, 18 Neb. App. 215, 778 N.W.2d 497 (2009). The protection provided by Nebraska's double jeopardy clause is coextensive with that provided by the U.S. Constitution. *State v. Biloff, supra*. Here, King argues that he received multiple punishments for the same offense. Specifically, he asserts that because both of his attempted first degree sexual assault convictions arose out of the same transaction and because he received consecutive sentences for those convictions, he received multiple punishments for one offense.

King's assertion concerning his convictions and sentences violating the principles of double jeopardy are without merit. The factual basis provided by the State at King's plea hearing clearly indicates that King committed two separate crimes against A.G. King's first conviction for attempted first degree sexual assault was based on him subjecting A.G. to cunnilingus. King's second conviction for attempted first degree sexual assault was based on King "enter[ing] his penis and ha[ving] ordinary sexual intercourse with [A.G.]." Though both criminal acts undoubtedly occurred during the same transaction, the imposition of a separate punishment for each offense does not violate the principles of double jeopardy. See *State v. Start*, 239 Neb. 571, 477 N.W.2d 20 (1991). See, also, *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

Because King's convictions and sentences do not violate the principles of double jeopardy, counsel's failure to object to the charges contained in the amended information on the basis of double jeopardy did not prejudice King in any way. King's assertion that his counsel provided ineffective assistance in this regard is without merit.

(d) Failing to Depose or Investigate
Alibi Witness

In his brief on appeal, King asserts that his trial counsel was ineffective because counsel "refused to locate and depose" his alibi witness who could have testified about King's whereabouts at the time of the offense. Brief for appellant at 4. However, King did not raise this allegation in his motion for postconviction relief, and as a result, the assertion is not properly before this court for consideration. See *State v. Caddy, supra*.

(e) Other Claims

Throughout his brief on appeal, King mentions other claims of ineffective assistance of trial counsel. However, King fails to specifically argue the merit of such claims. As a result, we decline to consider these claims on appeal. See *Obad v. State*, 277 Neb. 866, 870, 766 N.W.2d 89, 92 (2009) ("[t]o be considered by an appellate court, an error must be both specifically assigned and specifically argued in the brief of the party asserting the error").

- 6 -

### 3. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

When analyzing a claim of ineffective assistance of appellate counsel, courts usually begin by determining whether appellate counsel failed to bring a claim on appeal that actually prejudiced the defendant. *State v. Timmens*, 282 Neb. 787, 805 N.W.2d 704 (2011). Appellate counsel's failure to raise an issue on appeal could be ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *Id.*

As we mentioned above, King had the same counsel for his direct appeal as he had at trial.

### (a) Failure to Raise Claims of Ineffective Assistance of Trial Counsel

King alleges that his appellate counsel was ineffective because counsel failed to raise in his direct appeal various claims of ineffective assistance of trial counsel. King's assertion does not have merit because he cannot demonstrate he was prejudiced by appellate counsel's failure to raise this issue on appeal.

Claims of ineffective assistance of trial counsel raised on direct appeal by the same counsel who represented the defendant at trial are premature and will not be addressed on direct appeal. *State v. Dunster*, 278 Neb. 268, 769 N.W.2d 401 (2009). Therefore, when a defendant was represented both at trial and on direct appeal by the same lawyer, the defendant's first opportunity to assert ineffective assistance of trial counsel is in a motion for postconviction relief. *Id.*

King had the same counsel at trial and on direct appeal. As such, any claims of ineffective assistance of trial counsel raised by his appellate counsel would have been premature and would not have been addressed by this court. Moreover, King raised a number of claims of ineffective assistance of trial counsel in his motion for postconviction relief and in this, current, appeal. Under the circumstances of his case, these claims were not procedurally barred because they were not previously raised in King's direct appeal. Accordingly, King cannot demonstrate that he was in any way prejudiced by his appellate counsel's failure to raise these same claims of ineffective assistance of trial counsel in his direct appeal.

### (b) Failure to Raise Double Jeopardy Issue

King alleges that his appellate counsel was ineffective because counsel failed to argue on direct appeal that his convictions and sentences violated double jeopardy principles. King's assertion does not have merit because he cannot demonstrate he was prejudiced by appellate counsel's failure to raise this issue on appeal.

As we discussed more thoroughly above, King's convictions and sentences for two counts of attempted first degree sexual assault do not violate the principles of double jeopardy. As such, even if counsel had raised this issue in King's direct appeal, the argument would not have been successful. King cannot demonstrate that he was prejudiced in any way by counsel's failure to raise the double jeopardy issue on direct appeal.

## VI. CONCLUSION

We affirm the district court's denial of King's motion for postconviction relief without an evidentiary hearing. King's claims that the trial court committed error are procedurally barred. The files and records affirmatively demonstrate that King is entitled to no relief on his claims of ineffective assistance of trial and appellate counsel.

AFFIRMED.